**AKERMAN LLP**
MARISSA ALGUIRE (SBN 249755)
MOJAN ANARI (SBN 298865)
FELIPE GOMEZ (SBN 346276)
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Emails  marissa.alguire@akerman.com
          mojan.anari@akerman.com
          felipe.gomez@akerman.com

*Attorneys for Defendant*
AGI GROUND, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN O'SHAUGHNESSY,<br><br>Plaintiff;<br><br>v.<br><br>AGI GROUND, INC; and DOES 1 through 100,<br><br>Defendants. | Case No.  5:25-cv-2502<br><br>[Superior Court of California, Riverside County Case No. CVPS2505281]<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br>**[DIVERSITY JURISDICTION]**<br><br>[Concurrently filed with Civil Cover Sheet; Corporate Disclosure Statement; Certification of Conflicts and Interested Parties; Declarations of Brandy Frazier and Marissa Alguire; and Request for Judicial Notice]<br><br>Complaint Filed: July 16, 2025<br>Trial Date:      None |

Case No.

DEFENDANT AGI GROUND, INC.'S NOTICE OF REMOVAL

82953334;1

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TABLE OF CONTENTS**

**Page**

I.    STATEMENT OF JURISDICTION ...............................................................1

II.   SATISFACTION OF PROCEDURAL REQUIREMENTS ..........................1

III.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION ............................3

    A.    Complete Diversity Exists Between the Parties....................................4

        (1)    Plaintiff is a Citizen of California..............................................4

        (2)    Defendant is Not a Citizen of California. ..................................5

        (3)    The Citizenship of "Doe" Defendants Must Be Disregarded.....6

    B.    Defendant Only Has To Show By A Preponderance Of The Evidence That The Amount In Controversy Exceeds $75,000.............6

IV.   VENUE .......................................................................................................12

V.    NOTICE OF REMOVAL TO PLAINTIFF .................................................13

VI.   PRAYER FOR REMOVAL........................................................................13

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

i

DEFENDANT AGI GROUND, INC.'S NOTICE OF REMOVAL

Case No.

82953334;1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anthony v. Security Pac. Fin'l Services, Inc.*,
  75 F.3d 311 (7th Cir. 1996) ...................................................................................6

*Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*,
  320 U.S. 238 (1943)................................................................................................7

*Brinker v. Superior Court*,
  53 Cal. 4th 1004 (2012) ........................................................................................10

*Celestino v. Renal Advantage Inc.*,
  No. C 06-07788 JSE, 2007 WL 1223699 (N.D. Cal. April 24, 2007) .................6

*Commodore Home Sys., Inc. v. Superior Court*,
  32 Cal.3d 211 (1982) ..............................................................................................7

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  135 S. Ct. 547 (2014)..............................................................................................3

*E.E.O.C. v. Farmer Bros. Co.*,
  31 F.3d 891 (9th Cir. 1994) ....................................................................................7

*Galt G/S v. JSS Scandinavia*,
  142 F.3d 1150 (9th Cir. 1998) ............................................................................6, 7

*Gibson v. Chrysler Corp.*,
  261 F.3d 927 (9th Cir. 2001) ..................................................................................7

*Harris v. Rand*,
  682 F.3d 846 (9th Cir. 2012) ..................................................................................5

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010)..................................................................................................5

*Horsford v. Bd. of Trustees of California State Univ.*
  132 Cal. App. 4th 359 (2005) ..............................................................................7, 8

*Hunt v. Washington State Apple Advertising Comm'n*,
  432 U.S. 333 (1977)................................................................................................6

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) ...................................................................................4

*Kantor v. Wellsley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983) .................................................................................4

*Kroske v. US Bank Corp.*,
432 F.3d 976 (9th Cir. 2005) .............................................................................7, 8

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986) ...................................................................................4

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686 (9th Cir. 1998) ...................................................................................6

*Rea v. Michaels Stores Inc.*,
742 F.3d 1234 (9th Cir. 2014). .................................................................................3

*Simmons v. PCR Tech.*,
209 F. Supp. 2d 1029 (N.D. Cal. 2002) ..............................................................6, 9

*Strotek Corp. v. Air Transp. Ass'n of Am.*,
300 F.3d 1129 (9th Cir. 2002) .............................................................................3, 4

*Valdez v. Allstate Ins. Co.*,
372 F.3d 1115 (9th Cir. 2004) .............................................................................6, 7

*White v. FCI USA, Inc.*,
319 F.3d 672 (5th Cir. 2003) ...................................................................................8

**Statutes**

28 U.S.C. § 1332 ...............................................................................................3, 8

28 U.S.C. § 1332(a)(1) ...................................................................................3, 4, 6

28 U.S.C. § 1441 ............................................................................................1, 13

28 U.S.C. § 1441(a) .....................................................................................4, 6, 12

28 U.S.C. § 1441(b)(1) ..............................................................................................6

28 U.S.C. § 1446(b) ..................................................................................................3

28 U.S.C. § 1446(b)(1) ..............................................................................................2

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

iii                                             Case No.

DEFENDANT AGI GROUND, INC.'S NOTICE OF REMOVAL

82953334;1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA; AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant, AGI GROUND, INC.. ("Defendant") removes to this Court the state action described below. In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal:

## I.    STATEMENT OF JURISDICTION

1.    This case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441, because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000. As set forth below, this case meets all of the diversity statute's requirements for removal and Defendant's filing of this Notice of Removal is timely and proper.

## II.    SATISFACTION OF PROCEDURAL REQUIREMENTS

2.    On or about July 16, 2025, plaintiff Kevin O'Shaughnessy ("Plaintiff") filed a complaint entitled *KEVIN O'SHAUGHNESSY v. AGI GROUND, INC., and DOES 1-100, inclusive,* in Riverside County Superior Court, initiating Case Number CVPS2505281, with causes of action for (1) Failure to Provide Compliant Meal Periods; (2) Failure to Provide Compliant Rest Periods; (3) Failure to Pay All Overtime Owed; (4) Failure To Reimburse Work-Related Expenses; (5) Violation of Unfair Competition Law; (6) Discrimination Based on Age; (7) Wrongful Termination in Violation of Public Policy; and (8) Waiting Time Penalties.

3.    On August 21, 2025, AGI was served a copy of the Complaint, Summons and all other related Court documents via substituted service to Defendant's authorized agent for service of process under Code of Civil Procedure § 415.20. True and correct copies of the above-listed documents served on AGI are attached hereto as **Exhibit A**. (*See* Declaration of Brandy Frazier ("Frazier Decl."), ¶ 3.)

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
OS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**AKERMAN LLP**
633 West Fifth Street, Suite 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

4.      On August 14, 2025, Plaintiff filed a Proof of Service as to AGI. The server states in his declaration within the proof of service that he served AGI by substituted service on August 11, 2025 and thereafter mailed the Complaint, Summons, and other related Court documents to Defendant's registered agent for service of process on August 11, 2025 under Civil Procedure § 415.20. A true and correct copy of the Proof of Service filed with the Court is attached hereto as **Exhibit B**. (*See* Frazier Decl., ¶ 4)

5.      Under California Code of Civil Procedure § 415.20, "a summons may be served leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. **Service of a summons in this manner is deemed complete on the 10th day after the mailing."** (emphasis added) (*See* Declaration of Marissa Alguire ("Alguire Decl."), ¶ 6).

6.      Accordingly, Plaintiff's summons and complaint were deemed served on August 21, 2025, 10 days after August 11, 2025. (Id.)

7.      No other process, pleadings, or papers have been filed in the State Court Action and no further proceedings have been held other than Exhibits 1-9 attached to the Declaration of Marissa Alguire hereto. Alguire Decl., ¶¶ 9-18, Exhibits 1-9.

8.      A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial

pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237-38 (9th Cir. 2014). (*See* Alguire Decl., ¶ 7).

9.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days after Defendant was deemed served with the Summons and Complaint. (*See* Alguire Decl., ¶¶ 7-8.)

10.    In accordance with 29 U.S.C. § 1446(d), Defendant will promptly give written notice to Plaintiff of the filing of this Notice of Removal, and will file a copy of the Notice with the clerk of the Superior Court of the State of California, County of. Further, in accordance with Federal Rule of Civil Procedure 7.1 and Central District of California Local Rule 7.1-1, respectively, Defendant concurrently filed its Disclosure Statement and Notice of Interested Parties.

## III.    BASIS FOR REMOVAL: DIVERSITY JURISDICTION

11.    Under 28 U.S.C. § 1332(a)(1), the federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a); *see also Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (describing "the core principle" of removal jurisdiction on the basis of diversity as the fact that diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected").

12.    The United States Supreme Court has held under 28 U.S.C. § 1446(a), that a defendant seeking to remove a case to federal court need only file a "notice of removal" containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement short and plain need not contain evidentiary submissions." *Id.* at 551, 553.

**AKERMAN LLP**
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Tel.: (213) 688-9500 – Fax: (213) 627-6342

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

13.   As discussed below, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is one that Defendant may remove to this Court pursuant to 28 U.S.C. § 1441(a), in that **(1)** it is a civil action between citizens of different states (*see infra* Part III.A); and **(2)** the amount in controversy exceeds $75,000, exclusive of interest and costs (*see infra* Part III.B).

### A.   Complete Diversity Exists Between the Parties.

14.   For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp.*, 300 F.3d at 1131; *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

#### (1)   Plaintiff is a Citizen of California.

15.   "To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state. *Kantor v. Wellsley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "The natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Kanter*, 265 F.3d at 857. A person's "domicile is evaluated in terms of 'objective facts,'" and "courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residences, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). For diversity purposes, an individual's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 857. "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew*, 797 F.2d at 750.

16.   Here, at all times relevant to this action, Plaintiff has resided and been domiciled in the State of California. Plaintiff alleges that he, at all relevant times, resided in Riverside County, California. (*See* Complaint, ¶ 1.) Further, Defendant's personnel

DEFENDANT AGI GROUND, INC.'S NOTICE OF REMOVAL
82953334;1

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

and other employment records for Plaintiff indicate that, during the entire period of his employment with Defendant (through and including his separation), Plaintiff lived in California and worked for Defendant in the County of Riverside, California. (*See* Frazier Decl., ¶ 7.) Indeed, Plaintiff does not allege that he was a citizen of any other state. (*See generally* Compl.)

17.    Thus, Defendant is informed and believes that Plaintiff is and was a citizen of California for purposes of determining diversity jurisdiction for this removal.

(2)    Defendant is Not a Citizen of California.

18.    At all times on or after the date the Complaint in the State Court Action was filed, Defendant has been a citizen of Florida and Missouri, and no other state.

19.    Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"

20.    The United States Supreme Court has interpreted the phrase "principal place of business" as used in this statute to "refer[ ] to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Also known as the corporation's "nerve center," the company's principal place of business "will typically be found at a corporation's headquarters." *Id*. at 81, 9293, 95 (concluding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and that, "in practice," it "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings"); *see also Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (same).

21.    Here, Defendant is a corporation incorporated under the laws of the State of Missouri, with its principal place of business in Miami, Florida. (*See* Frazier Decl. ¶ 5.)

Thus, Defendant is a citizen of Missouri and Florida, and is *not* a citizen of the State of California.

(3)    The Citizenship of "Doe" Defendants Must Be Disregarded.

22.    The citizenship of fictitiously named "Doe" defendants is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding that, in determining whether diversity of citizenship exists, only the named defendants are considered). Therefore, Plaintiff's inclusion in the Complaint of Defendants "DOES 1 through 100" (Compl., ¶ 3), cannot defeat diversity jurisdiction.

**B.    Defendant Only Has To Show By A Preponderance Of The Evidence That The Amount In Controversy Exceeds $75,000.**

23.    This Court further has original jurisdiction over the case pursuant to 28 U.S.C. § 1332(a)(1) and 1441(a) because, based upon the allegations in the Complaint and the evidence set forth in the accompanying declarations, there is evidence that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of interests and costs. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (amount in controversy inquiry in the removal context is "not confined to the face of the complaint").

24.    In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages and other monetary relief, including compensatory damages, special damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSE, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.") Defendant need only establish, by a preponderance of the evidence, that Plaintiff's claims exceed the jurisdictional minimum. *Valdez*, 372 F.3d at 1117.

### 1.   Claims under the Fair Employment and Housing Act

25.   Plaintiff's claim for damages was apparently made in good faith. His Complaint contains eight causes of action. His sixth and seventh causes of action under the Fair Employment and Housing Act ("FEHA") entitle him to attorneys' fees, back pay and front pay, emotional distress damages, and punitive damages if he prevails. *See Commodore Home Sys., Inc. v. Superior Court*, 32 Cal.3d 211, 215 (1982) (holding that all relief generally available in noncontractual actions, including punitive damages, may be obtained under the FEHA); California Government Code § 12965(b); *Horsford v. Bd. of Trustees of California State Univ.* 132 Cal. App. 4th 359, 388 (2005); *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 902 (9th Cir. 1994). (*See* Alguire Decl. ¶ 5).

26.   Based on Plaintiff's Complaint, Defendant alleges that it is facially apparent that the amount in controversy in this action exceeds the jurisdictional sum or value of $75,000. In determining whether the jurisdictional minimum is met, courts within the Ninth Circuit consider all recoverable damages and other monetary relief, including, but not limited to, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See, e.g.*, *Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount"); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding the amount in controversy requirement satisfied based on consideration of lost wages, other lost compensation-related benefits, and emotional distress damages); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an

underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

27.    At the time Plaintiff's separation of employment on January 6, 2025, he earned an hourly rate of $16.50. (Frazier Decl., ¶ 7.) As a result, Plaintiff's claim for lost wages alone at the time of this removal may be approximately $24,420 (hourly rate of $16.50 times 40 hours a week times 37 weeks). In addition, California courts commonly grant front pay in a span of years. *See, e.g., Horsford v. Bd. Of Trustees of Cal. St. Univ.*, 132 Cal. App. 4th 359, 389 (2005) (in a retaliation, discrimination, and wrongful termination action brought by three plaintiffs, the court upheld a front pay award that compensated one of the plaintiffs for two years). As a result, Plaintiff's amount of future wages in controversy is at least $68,640 (hourly rate of $16.50 times 40 hours a week times two years or 104 weeks).

28.    Plaintiff's potential back pay ($24,420) and front pay ($68,640), alone, result in an amount-in-controversy of $91,740 which exceeds the $75,000 requirement.

29.    However, in the Complaint, Plaintiff repeatedly claims he seeks damages consisting of: (a) compensatory damages; (b) back pay and front pay; (c) premium pay for missed meal and rest breaks; (d) all unpaid overtime wages; (e) reimbursement for all work-related expenses; (f) waiting time penalties; (g) interest; (h) liquidated damages; (i) penalties; (j) attorney's fees; (k) costs; (l) restitution for all wrongfully withheld wages; (m) punitive damages; and (n) any "such other relief as the court deems just and proper." (Complaint, ¶¶ 37, 44, 48, 52, 56-57, 62, 67, 72 and Prayer, *generally*) (*See* Alguire Decl. ¶ 3). Accordingly, Plaintiff's allegations are easily sufficient to satisfy Section 1332(a)'s amount in controversy requirement. *See Kroske*, 432 F.3d at 980 (affirming removal of bank employee lawsuit, even though employee earned less than $75,000 per year, because emotional distress damages for FEHA claims could reasonably be assumed to add enough to her lost wages to exceed the jurisdictional amount); *see, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (finding amount-in-controversy exceeded $75,000 in wrongful termination case based on plaintiff's "lengthy list" of compensatory damages

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

8    Case No.

DEFENDANT AGI GROUND, INC.'S NOTICE OF REMOVAL

82953334;1

including loss of pay, employment benefits, impaired earning capacity, emotional distress, and other remedies); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) (holding that plaintiff's employment discrimination claim exceeds the federal jurisdictional minimum, even though the lost wages at the time of removal were just $26,500, because plaintiff sought emotional distress damages, punitive damages, and attorney's fees under FEHA). Accordingly, the amount-in-controversy based solely on Plaintiff's FEHA claims in this action exceeds the jurisdictional sum of $75,000.

### 2. Wage and Hour Claims

30. Additionally, Plaintiff has alleged a host of wage and hour claims including a failure to provide compliant meal periods, failure to provide compliant rest periods, failure to pay all overtime owed, failure to reimburse work-related expenses and waiting time penalties. Defendant denies Plaintiff's allegations of misconduct and intends to defend them vigorously against all of Plaintiff's causes of action. Nevertheless, and without admitting that Plaintiff can recover any damages, when one considers the maximum potential value of the claims of Plaintiff, the aggregate amount in controversy presented by the case exceeds $75,000 for the purposes of removal based on the following:

31. Plaintiff's hourly rate of pay was $16.50 during the entirety of his employment. For the purposes of this removal, Plaintiff's wage and hour claims will be evaluated from January 9, 2024 until his separation from AGI on January 6, 2025 during which he worked approximately 34 workweeks.[1] His average shift length was 6.61 hours.

32. Meal Period Violations: The Complaint alleges that Defendant failed to provide Plaintiff with compliant meal periods due to severe understaffing, failed to provide Plaintiff with timely meal periods free of interruptions, and failed to provide Plaintiff with timely meal periods for shifts of 12 hours. Complaint, ¶¶ 21-23, 30-37. Plaintiff seeks "one additional hour of pay at Plaintiff's regular rate of pay" for each day

---

[1] See Frazier Decl ¶¶ 7-10; RJN Ex. A-C

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT AGI GROUND, INC.'S NOTICE OF REMOVAL

82953334;1

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

that a compliant meal period was not provided, interest, penalties, attorney's fees and costs of suit for his meal period claim. Complaint, ¶¶ 35, 37; Prayer, First Cause of Action, ¶¶ 1-5.

33.    In California, employees are entitled to one hour of "premium pay" for each day during which a meal period violation occurs. Cal. Lab. Code § 226.7(c). Specifically, pursuant to the California Labor Code, "[i]f an employer fails to provide an employee a . . . meal . . . period in accordance with state law . . ., the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the . . . meal . . . period is not provided." *Id.*

34.    ***Total Potential Liability For Meal Period Claims.*** Taking as true Plaintiff's claim that Defendant did not provide compliant meal periods to Plaintiff, he could be eligible for one hour of premium pay for meal periods for each day worked. *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012). Here, Defendant assumes a violation rate of two meal period penalties per workweek based on Plaintiff's broad allegations. Assuming that Defendant failed to provide two meal periods each workweek to Plaintiff, the potential amount in controversy under Section 226.7 for allegedly failing to provide meal breaks would be: 34 total workweeks x 2 missed meal periods per workweek x $16.50 (Plaintiff's hourly rate) = $1,120.

35.    **Rest Period Violations Claim.**  Plaintiff further alleges that Defendant failed to provide Plaintiff with compliant rest periods due to "severe understaffing". Complaint, ¶ 21. Plaintiff seeks, on behalf of himself and Class Members: "one additional hour of pay at Plaintiff's regular rate of pay" for each day he did not receive a compliant rest period, interest, penalties, attorney's fees and costs of suit for his meal period claim. Complaint, ¶¶ 42, 44; Prayer, Second Cause of Action, ¶¶ 1-5. California Labor Code Section 226.7 provides that if an employer fails to provide rest periods as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the [ ] rest period was not provided." *Brinker*, *supra,* 53 Cal. 4th at 1039.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

36.    ***Total Potential Liability For Rest Period Claims.*** Taking as true Plaintiff's claim that Defendant did not provide him with compliant rest periods, he could be eligible for one hour of premium pay for rest periods for each day worked. *Brinker*, *supra,* 53 Cal. 4th at 1039. Here, Defendant assumes a violation rate of two rest period penalties per workweek based on Plaintiff's broad allegations. Assuming that Defendant failed to provide at least two rest breaks each workweek to Plaintiff, the potential amount in controversy under Section 226.7 for allegedly failing to provide rest breaks would be: 34 workweeks x 2 missed rest breaks per workweek x $16.50 (average hourly rate) = $1,120.

37.    **Unpaid Overtime Claim.** The Complaint alleges that Plaintiff is owed unpaid wages due to Defendant's alleged failure to pay overtime. Specifically, Plaintiff alleges that "Defendant failed to pay overtime for Plaintiff working through his meal breaks, and that "Plaintiff frequently worked overtime including 10 consecutive days with only one day off". Complaint, ¶¶ 24-25.

38.    ***Total Potential Unpaid Overtime Wages.*** Based on Plaintiff's allegations, and for purposes of this removal, Defendant has identified from its records approximately 34 workweeks worked by Plaintiff during his employment. Assuming that Plaintiff was not paid for one hour of overtime per week, the potential amount in controversy under Labor Code § 510 for allegedly failing to provide overtime would be: 1 hour of unpaid overtime per workweek x 34 workweeks x $24.75 ($16.50 average hourly rate x 1.5) = $841.50 for total amount potentially in dispute as to unpaid overtime wages.

39.    **Waiting Time Penalty Claim.** Plaintiff seeks penalties under California Labor Code section 203. As set forth in the Complaint, Plaintiff alleges "Defendants willfully did not pay Plaintiff all wages owed at the conclusion of employment". Plaintiff seeks, "continuation wages for up to thirty (30) days under Lab. Code § 203", interest, attorney's fees and costs of suit for his waiting time penalties claim. Complaint, ¶¶ 72; Prayer, Eighth Cause of Action, ¶¶ 1-5.

40.    ***Total Potential Liability For Waiting Time Penalties***. Based on Plaintiff's allegations, and for the purposes of this removal, assuming Plaintiff is owed waiting time

82953334;1

penalties, the total amount potential in dispute is:  f6.61 (average shift length) x $16.50 (average rate of pay) x 30 days = $3,271 in total potential waiting time penalties.

### 3.   Total Amount in Controversy

Based on the calculations outlined above, and without including reimbursement for business expenses, attorneys' fees, emotional distress damages, punitive damages, interest, and other damages outlined in ¶ 29 of this Notice of Removal, the potential total amount in controversy exceeds $75,000 as follows:

| Claim | Amount in Controversy |
|---|---|
| Meal Periods | $1,122 |
| Rest Periods | $1,122 |
| Overtime | $841.50 |
| Waiting Time | $3,271 |
| Front Pay | $68,640 |
| Back Pay | $24,420 |
| **Total** | **$99,416.50** |

## IV.   VENUE

41.   In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The State Court Action is pending in the Superior Court of California, County of Riverside, which is located in the Central District of California, Eastern Division. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see also 28 U.S.C. § 84(c) (describing the "Eastern Division" of the Central District of California as comprising Riverside County).

/ / /

**AKERMAN LLP**
633 West Fifth Street, Suite 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT AGI GROUND, INC.'S NOTICE OF REMOVAL
82953334;1

## V.    NOTICE OF REMOVAL TO PLAINTIFF

42.    Following the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, Manny Starr and Daniel Ginzburg of Frontier Law Center and a copy of the Notice of Removal will be filed with the Clerk of the Riverside County Superior Court.

## VI.    PRAYER FOR REMOVAL

43.    WHEREFORE, because complete diversity exists between Plaintiff and Defendant, and because the amount in controversy exceeds the jurisdictional amount for removal, this Court is vested with subject matter jurisdiction over this matter and this action is removable to this Court for these reasons under 28 U.S.C. §§ 1331, 332, and 1441. Accordingly, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Riverside, to the United States District Court of the Central District of California in the Eastern Division. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal.

Dated:  September 22, 2025                **AKERMAN LLP**

By: _____
        Marissa Alguire
        Mojan Anari
        Felipe Gomez
        *Attorneys for Defendant*
        AGI GROUND, INC.

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342